PATRICK DWYER vs. FREDERICK E. SHAW.*

PROVIDENCE—JUNE 30, 1893.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Master and Servant.  Duty to furnish Proper Appliances.*

Plaintiff was injured by the falling on him, from a height, of the head of a
maul which a fellow-servant was using.  The head of the maul was in-
securely fastened to the handle, the wedge which held the head in posi-
tion having dropped out.  The testimony showed that prior to two or
three years before the accident the only mauls in use were of the type
which injured plaintiff; that at about that date another type began to
be used, and that since then both forms had been in common use; and
that the older type was reasonably safe, if not as safe as the newer, so-
long as the handle was kept properly wedged :—

*Held,* that the master was not guilty of negligence in furnishing for use a
maul of the older type.

RESCRIPT.

This is a petition by the defendant for a new trial of an
action of the case to recover damages for injuries sustained
by the plaintiff by reason of the alleged negligence of the
defendant.  One of the grounds assigned in the petition is
that the verdict is against the evidence.

(1)     The testimony shows that the plaintiff, while at work at
the bottom of an excavation for a sewer, was injured by
the falling on him, from a height of ten or twelve feet, of the
head of a maul which a fellow-servant named Paola was
using in driving down planks for, the purpose of sheathing
the sides of the trench to prevent the caving of the earth.
The head of the maul was insecurely fastened to the handle,
the wedge in the end of the handle which held the head in
position having dropped out, and the head having worked off
of the handle so that the end of the handle lacked a half inch
to an inch of going through the eye.

Two kinds of mauls have been in use by sewer contractors,
one designated as the pick-handle form, in which the handle

---

* See *McDonald* v. *Postal Telegraph Co.*, 131.

gradually tapers from the end projecting through the head to the end held in the hands, and in which the smaller end of the handle is first put through the eye and the head then driven down the handle till it is wedged tight by the increased size of the handle, which construction, it is claimed by the plaintiff, renders it impossible for the head to fly off so long, at least, as the handle is not split or worn out by use. The other kind of maul is that designated as the straight-handled form, in which the end of the handle inserted through the eye is smaller than the eye, and in which the head is held in position by a wedge driven into the end of the handle projecting through the eye. The maul which was the cause of the accident was of the latter description.

The testimony shows that prior to two or three years before the plaintiff was injured the only mauls used in Providence were of the straight-handled type; that at about that date the pick-handled mauls began to be used, and that since then mauls of both forms have been in common use, as many of the one as of the other; and that the straight-handled construction is reasonably safe, if not as safe as the other, so long, at least, as the handle is kept properly wedged.

We are of the opinion that a new trial should be granted because the case does not show that the defendant was guilty of negligence, nor facts from which it can properly be inferred. Counsel for the plaintiff concedes that a master is not bound to furnish the newest and safest tools, but that the rule is that he is only required to furnish such as are reasonably safe and suitable, such as a prudent man would furnish, taking into consideration the danger incurred by his workmen from the use of tools which are unsafe; but he contends that it was a fair question for the jury whether or not the defendant's duty did not require him to furnish mauls of the pick-handle construction. In view, however, of the rule that a master is bound only to furnish tools which are reasonably safe, and of the testimony that straight-handled mauls are as commonly used as the other kind and are reasonably safe for use when kept properly wedged, we do not think that the jury would be warranted in finding the defend-

ant guilty of negligence in furnishing for use a maul of the straight-handled sort.

Counsel for the plaintiff further contends that the defendant was guilty of negligence because it appears from the testimony that no regular or proper inspection of the tools was made by him or by his foreman, or by anyone charged with the duty of such inspection. The duty of inspection doubtless exists, and, the accident having resulted from the defective condition of the maul, the defendant would be liable if it appeared either that the maul was originally defective, or that the defendant had notice of its defective condition after it became so, and allowed it to be used or, perhaps, left it where it was liable to be used, or if he would have had notice of its defective condition if there had been a proper inspection of the tools had there been an opportunity for such inspection after it became defective. There is nothing in the testimony, however, to show that the maul was originally defective, or that the defendant had knowledge of its defective condition ; nor does the evidence show how long it had been defective. Paola was sent to the box in which the tools were kept to get a maul to be used by him in driving down the planking. Not finding his own maul, or, rather, that which he had been in the habit of using, he returned with the maul in question. For aught that appears, the handle of this maul may have been loosened by its use immediately preceding, so that there would have been no opportunity for an inspection of it, and, therefore, there is no ground to presume that the defendant had constructive notice of the defect. The fact that Paola's maul was missing gives color to the suggestion that the handle of this maul had then recently become loosened and that it had been returned to the box by some other fellow-servant who had been using it and who took in place of it Paola's maul.

We find nothing in the testimony to show that the defendant was guilty of any negligence in the employment of Paola.

Defendant's petition for a new trial granted.

Tillinghast, J., dissenting.

*William H. Sweetland*, for plaintiff.

*Raymond G. Mowry*, for defendant.